NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In re:  THOMAS WILKINS,**
*Petitioner*

2020-141

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of California in No. 1:10-cv-00674-LJO-JLT, Judge Lawrence J. O'Neill.

## ON PETITION

Before NEWMAN, LOURIE, and HUGHES, *Circuit Judges.*

PER CURIAM.

## O R D E R

In *General Electric Co. v. Wilkins*, 750 F.3d 1324 (Fed. Cir. 2014), this court affirmed the judgment of the United States District Court for the Eastern District of California that Thomas Wilkins was not a co-inventor of U.S. Patent No. 6,921,985.  Mr. Wilkins now petitions this court for a writ of mandamus to vacate, reverse, or dismiss various

rulings in that and other related closed appeals and in the closed underlying district court proceedings.*

Mr. Wilkins' petition appears to be an attempt to relitigate that prior litigation concerning his inventorship dispute with GE.  Mr. Wilkins lost the first time around on the issues that he seeks review, and mandamus is not intended to afford him a second bite of the appellate apple. *Cf. Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943) (explaining that mandamus is not a substitute for an appeal).  Because Mr. Wilkins clearly does not have a right to the relief he seeks, the court denies his petition.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

August 14, 2020            /s/ Peter R. Marksteiner
      Date                 Peter R. Marksteiner
                           Clerk of Court

s25

---

\* General Electric ("GE") had also sought to quiet title as to U.S. Patent No. 6,924,565, but the district court found that claim was time-barred, and GE voluntarily withdrew its appeal from that judgment.  Mr. Wilkins filed a separate complaint asserting claims for malicious prosecution and abuse of process against GE and its counsel. Mr. Wilkins voluntarily dismissed that complaint in 2014. To the extent that he is seeking mandamus relief as to that separate case, we must deny for the reasons stated herein.